IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NUWAVE, LLC**, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| **FARBERWARE LICENSING COMPANY, LLC,** | JURY TRIAL DEMANDED |
| Defendant. | |

## VERIFIED COMPLAINT

Plaintiff NuWave, LLC ("Plaintiff" or "NuWave"), by its attorneys, as and for its Complaint against Defendant Farberware Licensing Company, LLC ("Farberware") alleges as follows:

## NATURE OF THE CASE

1. This is an action for (1) patent infringement under the laws of the United States, 35 U.S.C. *et seq*.; (2) trade dress infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051-1127; (3) violation of the Illinois Consumer Fraud and Deceptive Business Practice Act; and (4) unfair competition under Illinois common law.

2. This case is brought to protect one of Plaintiff's most valuable assets, namely the goodwill and consumer recognition in Plaintiff's protectable configuration associated with its NuWave Precision Induction Cooktop® line of products, including the original NuWave Precision Induction Cooktop®; the and NuWave Precision Induction Cooktop 2®; the PIC Gold; the PIC Pro; and other PIC variants[1], and to stop Defendant's unauthorized manufacture, offer

---

[1] Some of these products were or are limited edition products or are otherwise not currently being sold by Plaintiff, but may be present in the marketplace through secondhand sellers, and are likely still in customers' homes.

for sale, sale, use, and/or importation of products (below, right) that are nearly identical, and
intentionally confusingly similar, to Plaintiff's distinctive and protectable configuration (below,
left).




|  |  |
|:---:|:---:|
| Plaintiff's Product | Defendant's Product |

## THE PARTIES

3.     Plaintiff NuWave, LLC is a privately owned company that specializes in
designing, manufacturing, and selling various houseware small appliances such as, among other
things, current and previously sold combination convection/conduction/infrared ovens, induction
cooktops, and coffee roasters.  Plaintiff is an Illinois limited liability company with its principal
place of business located at 1795 Butterfield Road, Libertyville, IL 60048.

4.     On information and belief, Defendant Farberware Licensing Company, LLC is a
Delaware limited liability company with its principal place of business located at 300 First
Avenue, Needham, MA 02494.

5.     On information and belief, Farberware offers licensing to third party
manufacturers of product categories including electric appliances, kitchenware, cutlery, tools,
toys, food storage, and other commercial products.  Plaintiff believes, and therefore alleges, that
Farberware licenses its name to such third parties to lower the cost of entering new products into
the marketplace because the third parties do not have to start new brands from scratch and do not

have to spend time and resources to build brand recognition.

6.      On information and belief, third party Guangdong Midea Consumer Electric
Manufacturing Co., Ltd. ("Midea") is a Chinese company with its principal place of business
located at 19 Sanle Road, Beijiao, Shunde, Foshan, Guangdong Province, China.

7.      On information and belief, third party Midea (U.S.A.), Inc.  ("Midea USA") is a
United States subsidiary related to Midea.

8.      On information and belief, Midea and Midea USA manufacture and import the
infringing induction cooktops and license the Farberware brand name from Defendant
Farberware.

<u>**Jurisdiction and Venue**</u>

9.      This Court has original jurisdiction over Plaintiff's federal claims namely, patent,
and trade dress infringement, and unfair competition under 15 U.S.C. § 1121 and pursuant to 28
U.S.C. §§ 1331 and 1338 (a) and (b).  In addition, this Court has subject matter jurisdiction over
Plaintiff's related state and common law claims under 28 U.S.C. 1338 and 1367.

10.      This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. §§
1391 and 1400 because Defendant is engaging in various activities within this State and this
District, including offering for sale, selling, using, distributing or importing its products in this
District.  The consequences of Defendant's actions produce effects in and directly implicate this
forum.

11.      Venue is proper in this District under 28 U.S.C. § 1391and 1400 because
Plaintiff's claims arose in this District, at least a substantial part of the events giving rise to
Plaintiff's claims occurred in this District, and Defendant is doing business in this District.

**HISTORY OF NUWAVE, LLC AND ITS**
**<u>NUWAVE PRECISION INDUCTION COOKTOP®</u>**

12.     Founded in 1997 as Hearthware Home Products, Inc., the company now known as NuWave, LLC is a leading designer, manufacturer and promoter of innovative household goods, including electric appliances, kitchenware and food storage.  Exemplary photographs of Plaintiff's innovative houseware appliances are shown in Exhibit A.

13.     NuWave has designed and marketed numerous successful and award winning household appliances it sells and previously sold in interstate commerce including, for example, its: NuWave® Oven, NuWave Infrared Oven Pro™, NuWave Infrared Oven Pro Plus™, Gourmet Coffee Roaster™, Precision Coffee Roaster®, i-Roast® Coffee Roaster, NuWave Twister™, NuWave Infrared Oven Mini™, NuWave Party Mixer™, NuWave Precision Induction Cooktop® (also known as the NuWave PIC®), NuWave Precision Induction Cooktop2® (also known as the NuWave PIC2®), NuWave Precision Induction Cooktop Pro®, Duralon®, and its Flavor-Lockers®, just to name a few.

14.     The NuWave Precision Induction Cooktop® was first introduced to the market at least as early as 2011 and its second iteration, the NuWave Precision Induction Cooktop2®, was subsequently introduced to the market at least as early as 2013.  The distinctive, non-functional circular configuration for first and second models of the NuWave PIC® and PIC2® (collectively referred to herein as the "NuWave® Cooktops") did not change, and is believed to be well known to Plaintiff's customers and has become associated with the  NuWave Precision Induction Cooktop®.  An exemplary picture of NuWave Precision Induction Cooktop® with its distinctive rounded appearance and design is shown below:



15.     Plaintiff's round-shaped configuration for its NuWave® Cooktops has been very successful and is well known in the marketplace.  The recognition of the NuWave® Cooktop's design is further enhanced by the extensive advertising efforts of Plaintiff and the fact that Plaintiff has received multiple awards, ratings, and recognitions associated with its various advertising campaigns for its products (by way of example only):

**2009**

- o 4th Top Infomercial (for its Countertop Oven);

- o Best Infomercial Direct Offer – Greensheet Award for Infomercial Excellence;

**2010**

- o 2nd on Jordan Whitney's Top 100 Infomercials and DRTC Short-Form Spots (for its Countertop Oven);

- o Number One Ranking on the Jordan Whitney Top 60 Infomercial Chart – Greensheet Awards for Infomercial Excellence (for its NuWave Oven);

**2011**

- o Marketer of the Year DRMA Award – Direct Response Marketing Alliance;

- o Aurora Award by Concepts TV (for its PerfectGreen Fry Pan);

- o 1st on the Top 100 Housewares Infomercials;

    o   3rd on the IMS Top 50 Infomercials and Spots of 2011 (for its NuWave Oven);

**2012**

    o   Infomercial of the Year – Greensheet Awards for Infomercial Excellence (for its NuWave Oven Pro);

    o   Nominated for Marketer of the Year DRMA Award – Direct Response Marketing Alliance;

**2013**

    o   Best Infomercial Demonstration – Greensheet Awards for Infomercial Excellence (Bob Warden – NuWave Precision Induction Cooktop); and

    o   Best Housewares Infomercial – Greensheet Awards for Infomercial Excellence (for its NuWave Precision Induction Cooktop).

16. Additionally, prior to Defendant's acts described herein, Plaintiff has spent millions of dollars on its advertising campaigns and TV infomercials related to its NuWave® Cooktops.

17. Plaintiff continues to spend several hundred thousand dollars per week in advertising and marketing its products, in particular, the NuWave® Cooktops, through various past and current media such as internet advertising, short and long form of TV infomercials, trade shows, and social media advertising, just to name a few.

18. In particular, Plaintiff has had numerous top performing infomercials that advertise and promote its various products, including, without limitation, the NuWave® Cooktops.

19. In fact, since launching the NuWave® Cooktops in 2011, and prior to Defendant's acts described herein, Plaintiff has been consistently ranked in top 5 Housewares Infomercials for the NuWave® Cooktops in the United States.

6

20.     Plaintiff also spends, and had spent, millions of dollars researching and designing ("R&D") its products, including without limitation, the NuWave® Cooktops.

21.     These R&D expenses are directed toward the technology encompassed in the products as well as the design and image of the products themselves and their packaging.

22.     Customers that purchase products from Plaintiff have come to expect a high level of quality in these products, and this expectation of quality is further enhanced by the extensive awards, ratings, and recognitions Plaintiff has received for its various products.

23.     The following list includes just a few of the awards, ratings and recognitions associated with Plaintiff's product innovations and designs:

**1998**

o   Best of Aisle Winner – The Gourmet Retailer (for its Gourmet Coffee Roaster);

**1999**

o   Best New Product Concept Award – Special Coffee Association of America;

o   Best New Concept Award – Specialty Coffee Association of America;

**2000**

o   Best New Product – Coffee Fest (for its Precision Coffee Roaster);

o   Gold Medal for Excellence – Award of The Americas;

**2001**

o   Gold Medal for Excellence – Award of The Americas;

**2002**

o   Gold Medal for Excellence – Award of The Americas;

**2003**

o   Gold Medal Seal for Performance – Quality Institute International (formerly

Award of The Americas);

## 2004

o   Best Product Award – American Culinary Institute (formerly Award of the Americas);

## 2005

o   Best Product Award – American Culinary ChefsBest (formerly Award of the Americas);

## 2006

o   Best Performance Award – American Culinary ChefsBest (formerly Award of the Americas);

## 2007

o   Best Performance Award – American Culinary ChefsBest (formerly Award of the Americas);

## 2012

o   Editors' Pick in the Small Electronics Category – The Gourmet Retailer (for its NuWave Precision Induction Cooktop); and

o   "Best New Design" finalist – 2012 Housewares Design Awards (for its NuWave Precision Induction Cooktop)

## 2015

o   Editors' Pick in the Housewares category (for its NuWave PIC Gold)

24.    The above-listed awards, ratings and recognitions for Plaintiff's advertising campaigns and product designs are no accident; Plaintiff spends countless hours crafting and designing products and advertising campaigns that demonstrate recognizable elements to strengthen its brand and design recognition in the competitive housewares market.

25.    Since the initial launch of its NuWave® Cooktops, Plaintiff has continuously advertised and promoted the total image, shape, configuration, overall look, appearance and

impression of the NuWave® Cooktops; and, as a result, Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.

26.     Unlike the conventional portable induction cooktops, the NuWave® Cooktops exhibit a unique rounded design configuration that make them readily identifiable to customers and potential customers.

27.     Prior to Defendant's acts described herein, Plaintiff's NuWave® Cooktops have achieved substantial commercial success. In fact, since introduction to the United States, the sales of the NuWave® Cooktop products have reached well over millions of dollars annually.

28.     The approximate total retail value of the units sold from 2011 to date is in excess of $300,000,000.

29.     Total advertising and marketing expenditures during this period were in excess of $100,000,000.

30.     Plaintiff's rounded design configuration for its NuWave® Cooktops is not functional.  The rounded design configuration is not essential to the use or purpose of portable induction cooktops, does not affect the cost or quality of portable induction cooktops, and the inability to use the rounded configuration does not put Plaintiff's competitors at a significant non-reputation-related disadvantage.

31.     NuWave also takes effort to protect the intellectual property rights associated with its products, including the NuWave® Cooktops, and has received numerous patents and trademark registrations protecting its inventions and marks.

32.     Prior to Defendant's acts described herein, Plaintiff has been granted the following U.S. Patents covering its various products:

| U.S. Patent No. | Title |
|---|---|
| 8,835,810 | System and Method for a Programmable Counter-Top Electric |

|  | Dehydrator |
|---|---|
| D714,583 | Silicone Divider and Bake Pan |
| D734,091 | Pan |
| 5,564,331 | Apparatus for Roasting Coffee Beans |
| 6,201,217 | Counter-Top Electric Cooker |
| 6,617,554 | Counter-Top Electric Cooker having a Safety Shut-Off Switch |
| 6,770,315 | Coffee Roaster Having Multiple Roasting Stages |
| 6,809,297 | Combination Rotisserie and Convection Oven Having Movable Heating Element |
| 6,917,017 | Counter-Top Cooker Having Multiple Heating Elements |
| 6,936,795 | Method and Apparatus for Securing a Power Head on an Electric Cooker |
| 7,360,481 | Coffee Roaster Having an Apparatus for Increasing Airflow in a Roasting Chamber |
| D487,670 | Control Panel for a Counter-Top oven |
| D490,648 | Power Head for Counter-Top Oven |
| 6,747,250 | Counter-Top Electric Oven |
| 7,964,824 | System, Method and Computer Program Product for Programmable Counter-Top Electric Oven |
| 8,330,083 | Portable Countertop Electric Oven |
| D651,456 | Portable Countertop Electric Oven |
| D651,448 | Cooktop |
| D651,040 | Mixer |
| D651,851 | Grill |
| D693,643 | Power Head For a Portable Countertop Electric Oven |
| D651,850 | Cooking Housing For a Portable Countertop Electric Oven |
| D663,746 | Pump |
| D693,627 | Pan |

33.     Prior to the Defendant's acts described herein, NuWave has also obtained the following trademark registrations for the marks associated with its various products, including the NuWave® Cooktops:

| U.S. Trademark Registration No. | Mark |
|---|---|
| 4,770,030 | ALSET |
| 4,704,906 | NUWAVE PRO PLUS INFRARED OVEN |
| 4,119,622 | DURALON |
| 4,665,310 | PIC |
| 4,652,905 | NUWAVE INFRARED OVEN ELITE |
| 4,649,251 | NUWAVE PRECISION PRESSURE COOKER |
| 4,562,948 | PERFECTGREEN |
| 4,488,601 | NUWAVE FLAVOR LOCKERS |

| 4,608,294 | NUWAVE MINI INFRARED OVEN |
|---|---|
| 4,608,291 | NUWAVE MINI INFRARED OVEN |
| 4,488,129 | NUWAVE PIC2 |
| 4,511,178 | LIVE WELL FOR LESS |
| 4,610,628 | NUWAVE PRECISION INDUCTION COOKTOP 2 |
| 4,610,627 | NUWAVE PRECISION INDUCTION COOKTOP PRO |
| 4,360,836 | NUWAVE PRECISION INDUCTION COOKTOP |
| 4,419,677 | WHIP-IT |
| 4,426,391 | NUWAVE COOKTOP |
| 4,426,387 | NUWAVE PRECISION |
| 4,426,385 | NUWAVE PIC |
| 4,522,340 | LIVING WELL FOR LESS |
| 4,119,622 | DURALON |
| 4,180,156 | FLAVOR-LOCKERS |
| 4,176,420 | FLAVOR LOCKERS |
| 3,265,034 | NUWAVE PRO INFRARED OVEN |
| 3,474,134 | TWISTER NUWAVE |
| 2,826,443 | NU WAVE |
| 3,802,040 | MORNINGWARE |
| 3,459,089 | WHIPTIDE |
| 2,841,073 | I-ROAST |
| 3,624,986 | PRECISION COFFEE ROASTER |

34.    As a result of Plaintiff's substantial and continuous advertising and promotion of the NuWave® Cooktops, the total image, rounded shape, configuration, overall look, appearance and impression of the NuWave® Cooktops, Plaintiff also has protectable rights in several unregistered common law trademarks and trade dress associated with the NuWave® Cooktops.

35.    As a result of its unique and distinctive design, as well as Plaintiff's extensive advertising and promotion of the NuWave® Cooktops, the total image, rounded shape, configuration, overall look, appearance and impression of the NuWave® Cooktops have caused a relevant segment of the general public to now associate the NuWave® Cooktops with Plaintiff and Plaintiff's brand name, and Plaintiff's has acquired a valuable reputation and goodwill among the public as a result of such association.  Plaintiff's NuWave® Cooktops configuration is an intellectual property asset of enormous value as symbols of Plaintiff and its quality products, reputation, and goodwill.

11

36.     In contrast, on information and belief, notwithstanding Defendant's infringing conduct discussed herein and other infringing designs, no other countertop induction cooktops in the United States market feature a similar shape or configuration.

37.     Exemplary pictures of competing induction cooktops with either a square or rectangular top surface are shown below:



38.     The unique rounded design configuration in Plaintiff's NuWave® Cooktops has become associated with Plaintiff through extensive advertising and marketing, award recognitions, and substantial sales.

39.     Because customers have come to associate the design of the NuWave® Cooktops with Plaintiff through Plaintiff's past and current internet advertising, short and long form of TV infomercials, trade shows, and social media advertising, the inclusion of that design on the product packaging assists potential customers in finding Plaintiff's products in the crowded housewares market, and in particular in comparison to other countertop cooktops.

40.     In other words, customers remember the circular shape from Plaintiff's internet advertising, short and long form of TV infomercials, trade shows, and social media advertising, and associate the NuWave® Cooktops with such marketing when they encounter the cooktops in the marketplace.

41.     On account of the strong association between Plaintiff and its product design, the

trade dress associated with the NuWave® Cooktops has acquired a secondary meaning in the marketplace.

## NuWave and Its Design Patent

42.     Plaintiff is the assignee and current owner of a design patent, U.S. Design Patent D651,448 ("the '448 patent," Exhibit B), entitled "COOKTOP," of which the NuWave® Cooktop is an embodiment.

43.     The '448 patent was duly and legally issued by the U.S. Patent and Trademark Office on January 3, 2012, and covers an inventive, novel, and ornamental product design for an induction cooktop.

## Defendant's Infringing and Unfair Conduct

44.     On information and belief, in or about 2015, Defendant introduced an induction cooktop under the name Farberware Multi-Functional Induction Cooker (the "Farberware Cooktop").

45.     Defendant is a competitor of NuWave.

46.     Defendant is marketing, advertising, making, using, importing, selling and offering for sale the Farberware Cooktop, which is substantially similar and virtually identical to, and infringes the inventive, ornamental, and novel design covered by the '448 patent.

47.     On information and belief, Defendant is marketing, advertising, making, using, importing, selling, and offering for sale the infringing Farberware Cooktop throughout the United States through Wal-Mart, via its Wal-Mart stores and the www.walmart.com website.

48.     On information and belief, Defendant's products are also available on the internet through at least one online retailer at www.amazon.com.

49.     In the eye of an ordinary observer, giving such attention as a purchaser usually

gives, the patented design of the '448 patent and the design of the Farberware Cooktop are substantially the same and virtually identical, so as to deceive and induce the observer into purchasing the Farberware Cooktop, under the mistaken belief that it is the NuWave® Cooktop.

50.    Viewed as a whole, consumers are confusing the product design of the Farberware Cooktop and the product design of the NuWave® Cooktop, both of which are illustrated below:



NuWave® Cooktop                    Farberware Cooktop

51.    On information and belief, and as shown in the representative product review attached as Exhibit C, customers are being led to believe that the NuWave® Cooktop and the Farberware Cooktop are the same.

52.    The non-functional product design of the NuWave® Cooktop has acquired a secondary meaning and consumers associate its unique, distinctive product design with Plaintiff.

53.    Among other reasons why the NuWave® Cooktop's design has acquired a secondary meaning, as discussed above, Plaintiff has invested significant marketing and advertising resources in connection with that product, which is featured on numerous websites, in catalogs, trade shows, social media, just to name a few, that are in circulation in over 70

million homes, and on TV infomercials, on a regular basis, which has a viewership in excess of 15 million households.

54.     Among other reasons, the design of the NuWave® Cooktop has acquired a secondary meaning because, as discussed above, Plaintiff has enjoyed significant sales of that product throughout the United States, as well as sales in Europe and in Australia.

55.     Among other reasons, the design of the NuWave® Cooktop has acquired a secondary meaning because, as discussed above, Plaintiff has received multiple awards, ratings, and recognitions associated with Plaintiff's advertising campaigns for the NuWave® Cooktop.

56.     Plaintiff began selling the NuWave® Cooktop with its unique and distinctive circular design well prior to Defendant's sale of the Farberware Cooktop, and, as a result, has priority over the design.

57.     The substantial similarities between the design of the Farberware Cooktop and the circular design of the NuWave® Cooktop are causing consumers to confuse, mistake, or to be deceived about an affiliation, connection, or association between Defendant and Plaintiff and their respective products, when they are not.

58.     The substantial similarities between the design of the Farberware Cooktop and the design of the NuWave® Cooktop are causing consumers to be deceived as to the origin of the NuWave® Cooktop or the Farberware Cooktop, as well as Plaintiff's sponsorship, or approval of the Farberware Cooktop.

59.     Defendant's infringement of the design of the NuWave® Cooktop is willful and deceptive, as the Farberware Cooktop is intended to copy Plaintiff's product design, causing irreparable harm to Plaintiff.

60.    This act of copying further demonstrates the acquired distinctiveness of Plaintiff's product design.

61.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Plaintiff's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Plaintiff's and Defendant's goods, and has otherwise competed unfairly with Plaintiff by unlawfully trading on and using Plaintiff's rounded configuration without Plaintiff's permission or consent.

62.    The NuWave® Cooktops and the Farberware Cooktops are sold in the same sections of stores and are displayed in close proximity.

63.    As of September 5, 2015, Defendant's infringing Farberware Cooktops were available for purchase at a Wal-Mart store located in Vernon Hills, Illinois.  The picture below shows a product spread at the Wal-Mart store showing the infringing Farberware Cooktop and the NuWave® Cooktops being sold in close proximity:



64.     On account of the substantial recognition of the design of the NuWave®
Cooktops and the strong association between that design and Plaintiff and its products, there is a
strong likelihood that consumers will be confused to believe that the Farberware Cooktops are
Plaintiff's products or that they are authorized, endorsed, sponsored or approved by Plaintiff.

65.     On account of the substantial recognition of the design of the NuWave®
Cooktops and the strong association between that design and NuWave and its products, there is a
strong likelihood that customers will be confused into believing that the infomercials and
advertising campaigns related to the NuWave® Cooktops are promoting the Farberware
Cooktops, when they are not.

**COUNT ONE**

**Trade Dress Infringement (Induction Cooktops)**

66.     Plaintiff NuWave, LLC incorporates by reference paragraphs 1 through 65 above

17

as if restated herein in their entirety.

67.     By selling the Farberware Cooktops, Defendant is infringing Plaintiff's trade dress rights, namely, the distinctive product designs of the NuWave® Cooktop.

68.     Consumers are confusing the Farberware Cooktop's design with the NuWave® Cooktop's design because they are virtually identical in appearance.

69.     Defendant's marketing, advertising, and sale of the Farberware Cooktop is causing consumers and the general public to erroneously believe that Plaintiff is the origin of, sponsors, and approves those products and that the Farberware Cooktops are the same products as the NuWave® Cooktop.

70.     Defendant's marketing, advertising, and sale of the Farberware Cooktops is a violation of the Lanham Act, 15 U.S.C. § 1125.

71.     As a result of Defendant's infringement of Plaintiff's rights to trade dress in its product designs, Plaintiff is suffering irreparable harm, including but not limited to, the loss of goodwill it has built with consumers through its own extensive marketing, advertising, and sale of the NuWave® Cooktop, among other irreparable harm.

72.     Plaintiff has no adequate remedy at law for Defendant's actions, entitling it to injunctive relief.

73.     Defendant's infringing activities are willful and intentional, making this an exceptional case and justifying the imposition of treble damages pursuant to 15 U.S.C. § 1117.

74.     Plaintiff is also entitled to recover monetary damages, including, but not limited to, Defendant's profits, actual damages, costs, and treble damages.

## COUNT TWO

## Common Law Unfair Competition

75.     Plaintiff NuWave, LLC incorporates by reference paragraphs 1 through 74 above as if restated herein in their entirety.

76.     By marketing, advertising and selling the Farberware Cooktops, Defendant is acting with the purpose and intent to deceive consumers into believing that the Farberware Cooktop is the NuWave® Cooktop.

77.     By marketing, advertising, and selling the Farberware Cooktops, Defendant intends to harm and is, in fact, harming Plaintiff's business.

78.     As a result of Defendant's unfairly competitive activities, Plaintiff has been damaged and will continue to be damaged unless Defendant is enjoined from advertising and selling the Farberware Cooktops.

79.     Plaintiff is also entitled to recover monetary damages as a result of Defendant's actions.

<u>**COUNT THREE**</u>

<u>**Patent Infringement (U.S. Patent No. D651,448)**</u>

80.     Plaintiff NuWave, LLC incorporates by reference paragraphs 1 through 79 above as if restated herein in their entirety.

81.     Defendant has directly infringed, and continues to directly infringe the '448 patent by making, importing, using, offering to sell and/or selling the infringing Farberware Cooktops.

82.     Defendant has infringed and continues to infringe the '448 patent by contributing to and/or actively inducing direct infringement of the '448 patent by others.  The infringing activities by Defendant includes, encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell the infringing Farberware Cooktops in the United States.

83.     Defendant had notice of the '448 patent by virtue of Plaintiff marking its

NuWave® Cooktop with notice of the '448 patent.

84.     Plaintiff has provided virtual marking of the '448 patent pursuant to 35 U.S.C. § 287(a).

85.     Defendant has, with reckless disregard of the '448 patent and Plaintiff's rights under that patent, willfully and wantonly infringed the '448 patent, entitling Plaintiff to treble damages under 35 U.S.C. § 284.  This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Plaintiff to an award of its reasonable attorney fees.

86.     By reason of Defendant's infringement of the '448 patent, Plaintiff has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently unknown.  Defendant has benefitted from its unlawful infringement of the '448 patent and will continue to be unjustly enriched unless and until enjoined by this Court.

## COUNT FOUR

### (Violation of Illinois Deceptive Trade Practices Act)

87.     Plaintiff NuWave, LLC incorporates by reference paragraphs 1 through 86 above as if restated herein in their entirety.

88.     Through its sale of the Farberware Cooktop with designs that are being confused with the unique, distinctive design of the NuWave® Cooktop, Defendant is violating Illinois' Deceptive Trade Practice Act:

   o   By creating confusion and misunderstanding as to the source, sponsorship, approval, and certification of the Farberware Cooktop, namely, that Plaintiff is the source of, sponsors, approves, and certifies those products; and,

   o   By creating confusion and misunderstanding as to its affiliation, connection, and association with Plaintiff and the NuWave® Cooktop.

89. Defendant's willful and deceptive actions are influencing consumers' purchasing decisions.

90. As a result of Defendant's deceptive trade practices, Plaintiff is suffering irreparable harm to the goodwill it has built with consumers through its own extensive marketing, advertising, and sale of its NuWave® Cooktop, among other irreparable harm.

91. Plaintiff has no adequate remedy at law for Defendant's actions, entitling it to injunctive relief.

92. Plaintiff is also entitled to recover monetary damages as a result of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NuWave, LLC respectfully seeks the following relief against Defendant:

A. Judgement that Defendant's conduct violates Plaintiff's trade dress rights, in violation of 15 U.S.C. § 1125;

B. Damages in an amount to be proven at trial, in the form of Defendant's profits, actual damages suffered by Plaintiff, compensation for corrective advertising and attorneys' fees, in accordance with 15 U.S.C. § 1117;

C. Judgement that Defendant's conduct infringes Plaintiff's patent rights in the '448 patent, in violation of 35 U.S.C. § 271;

D. Monetary damages in an amount to be proven at trial, in the form of Defendant's total profits, Plaintiff's lost profits or, in the alternative, a reasonable royalty based upon Defendant's sales;

E. Treble damages as a result of the willful and deliberate nature of Defendant's

infringement, in accordance with 35 U.S.C. § 284;

      F.     Attorneys' fees, in accordance with 35 U.S.C. § 285;

      G.     A preliminary, mandatory, and permanent injunction enjoining, restraining and ordering Defendant, and its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with it:

      1.     To cease advertising, promoting, making, using, offering to sell, selling, and/or importing Defendant's infringing Farberware Cooktops, and any other product that is substantially the same as, or confusingly similar in appearance to Plaintiff's design, the '448 patent, and/or the NuWave® Cooktop;

      2.     To deliver and destroy all inventory of, and all literature, advertisements, and other materials displaying the Farberware Cooktops or any product that is substantially the same as, or confusingly similar in appearance to the NuWave® Cooktop;

      H.     Attorneys' fees, pre-judgment interest, and post-judgment interest; and

      I.     For all other relief as this Court may deem just and proper.

## **JURY DEMAND**

       Plaintiff demands a trial by jury as to all issues so triable.

DATED: September 15, 2015               Respectfully submitted by,


                                  /s/Edward L. Bishop

                                  Edward L. Bishop
                                  ebishop@bishoppatents.com
                                  Nicholas S. Lee
                                  nlee@bishoppatents.com
                                  Benjamin A. Campbell
                                  bcampbell@bishoppatents.com
                                  BISHOP DIEHL & LEE, LTD.
                                  1750 East Golf Road
                                  Schaumburg, IL 60173
                                  Phone: (847) 969-9123
                                  Fax: (847) 969-9124

                                  *Attorneys for Plaintiff NuWave, LLC*

## **VERIFICATION**

I, Gene H. Kim, hereby certify as follows:

1.      I am the Executive Vice President of NuWave, LLC.  As such, I am authorized to make this Verification on NuWave LLC's behalf.

2.      I have read the attached Verified Complaint and based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3.      I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.


Executed on:  September 15, 2015

_____
Gene H. Kim